SCHOTT, Judge.
This case arose out of an agreement to purchase or sell real estate under the terms of which plaintiffs were to purchase and defendant Royce Enterprises, Inc. was to sell some unimproved property in Kenner, Louisiana. Pursuant to the agreement plaintiffs deposited $2700 with the seller’s agent, defendant Bryant & Associates, Inc. The contract contained the following:
“This offer is predicated on purchaser being able to obtain a building permit from the City of Kenner for warehousing on subject property before April 20,1974. In the event purchaser is unable to obtain his building permit within the prescribed time allotment a registered written notification will be given to Seller or Seller’s agent on or prior to April 20, 1974.”
Plaintiffs’ suit was not only for the return of the deposit but also for damages and attorney’s fees, and was brought against Bryant and Royce, as well as Doris Hebert, Realtor, and her salesman Terry Friedman, who took the offer from plaintiffs. Bryant reconvened for its share of the agent’s commission and attorney’s fees and Royce reconvened for the amount of the deposit and attorney’s fees. From a judgment in favor of plaintiff and against Bryant for $2700, and in favor of Doris Hebert, Realtor, Terry Friedman and Royce, dismissing plaintiffs’ suit as against them, Bryant and Royce have appealed. Plaintiffs have neither appealed nor answered defendants’ appeals.
*981 The evidence shows that plaintiffs originally submitted an application for a building permit to the Planning Commission for the City of Kenner at its March meeting and the plan was rejected because of some deficiency in the proposed parking facilities. In connection with this application plaintiffs had spent $500 for plans and $100 for a filing fee with the City. The Commission advised plaintiffs to withdraw the application, have the plans altered and refile. They spent an additional $100 for alteration of the plans and resubmitted their application to the Commission at its April meeting. Thereupon the Commission again rejected the proposal because the parking facilities were still not acceptable. Throughout this period of time plaintiffs were in contact with the Planning Director for the City of Kenner, were attempting to follow his advice, and had employed a contractor and an architect in connection with the project. Following a conference with their contractor and the Planning Director after the second meeting, a revised plan was prepared at an additional expense of $500 to plaintiffs, and this was presented to the Board at the May meeting.
In the meantime, the April 20 deadline for plaintiffs to obtain a building permit was extended for one month. Plaintiffs’ new application had involved a resubdivision of the land in connection with which they incurred an expense of $700. Again the Commission rejected the proposal because of the manner by which the parking was to be provided and because the plaintiffs would not use all of the building if constructed but would secure a tenant to use a part of their building. Thereupon plaintiffs gave up in their efforts to obtain the permit and upon defendants’ refusal to refund their deposit this litigation ensued.
In his reasons for judgment the trial judge found that obtaining the permit for warehousing was a suspensive condition which was not fulfilled despite a good faith effort on the part of plaintiffs. Taking issue with this finding, Bryant relies on the testimony of the Planning Director to the effect that plaintiffs could have obtained their permit for warehousing if only they had made a proper application for same. Bryant then invokes the provision of LSA-C.C. Art. 2040 to the effect that the fulfillment of the condition was prevented by plaintiffs.
In the final analysis the efficacy of Bryant’s argument depends solely upon a reversal of the trial judge’s factual determination of good faith on plaintiffs’ part. We have concluded that the inference of good faith is reasonable and is supported by evidence in the record.
The trial judge correctly applied the provisions of C.C. Art. 2038 to the facts.[1] See Katz v. Chatelain, 321 So.2d 802 (La.App. 4th Cir. 1975); Garlete v. Rodriguez, 126 So.2d 182 (La.App. 4th Cir. 1961).
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.

. C.C. Art. 2038 provides as follows:
“When an obligation has been contracted on condition that an event shall happen within a limited time, the condition is considered as broken, when the time has expired without the event having taken place. If there be no time fixed, the condition may always be performed, and it is not considered as broken, until it is become certain that the event will not happen.”